**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**AUGUST 1997 SESSION**



FILED

October 3, 1997

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9702-CR-00072 |
| Appellee, | ) |
| | ) Sullivan County |
| V. | ) |
| | ) Honorable R. Jerry Beck, Judge |
| | ) |
| **CHARLES ANTHONY RICHARDS,** | ) |
| | ) (Sentencing-Aggravated Robbery) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

Patricia Hall Long
Attorney at Law
2100 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General

Edward E. Wilson
Asst. Dist. Attorney General
P.O. Box 526
Blountville, TN 37617

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

The appellant, Charles Anthony Richards, pled guilty to aggravated robbery.  After a hearing, he was sentenced to eight years incarceration.  His sentence is to be served consecutively to an unrelated federal sentence.  The appellant contends that the trial court erred in ordering his sentence to be served consecutively to his federal sentence.

The Tennessee Rules of Criminal Procedure provide that when a defendant is being sentenced and he or she has additional unserved sentences from other states or from federal courts, the sentence imposed shall be consecutive to the unserved sentence unless good cause exists to run the sentences concurrently.  Tenn. R. Crim. P. 32(c)(2).  Furthermore, consecutive sentencing is proper if the court finds that the defendant has an extensive history of criminal conduct or that the defendant committed the crime while on probation.  Tenn. Code Ann. §§ 40-35-115(b)(2) & (6) (1990).

The record reveals that the trial court considered the appellant's extensive history of criminal conduct in determining his sentence.  This included committing aggravated robbery while on probation.  As the state notes, these were different convictions for different crimes affecting different victims.  This Court agrees that the appellant should not get a free ride for multiple criminal conduct.  The trial judge had ample authority to order the appellant's sentence to be served consecutively to his federal sentence.

Accordingly, we find no error of law mandating reversal.  The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

-2-

CONCUR:


_____
GARY R. WADE, Judge


_____
WILLIAM M. BARKER, Judge